Max E. Bair, Appellant *v.* Kathryn L. Fourhman, Coroner for York County, Appellee.

174

Argued February 5, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Timothy P. Ruth,* with him, *J. Ross McGinnis, Stock* and *Leader,* for appellant.

*Lewis P. Sterling,* for appellee.

OPINION BY JUDGE ROGERS, March 5, 1982:

Max E. Bair has appealed an order of the Court of Common Pleas of York County dismissing the prayers of his petition either that the court below direct the coroner of York County to change her finding that the petitioner's son's death was the result of suicide instead of accident or, in the alternative, that the court conduct a hearing as to the cause pursuant to Section 4 of the Local Agency Law, 2 Pa. C.S. §553.

The petitioner contended below, and still contends, that, although the Act of Assembly governing the duties of the coroner expressly mentions coroner's findings of death by suicide, it is somehow beyond the coroner's powers to so find; and second that the coroner's finding is an adjudication of a local agency made reviewable by the Local Agency Law. Judge JAMES E. BUCKINGHAM thoroughly expounded these points and in

affirming the order below we adopt his opinion, appearing at 95 York Legal Record 1 (1981).

The petitioner emphasizes the possibility that he may make claim on insurance policies on his son's life and that the coroner's finding of suicide as the agency of death would provide a defense. Thus, he says, the coroner's report affects a property right and is an adjudication. We supplement the opinion below by citing the cases of *Pittsburgh National Bank v. Mutual Life Insurance Co. of New York*, 273 Pa. Superior Ct. 592, 417 A.2d 1206 (1980), *Kubacki v. Metropolitan Life Insurance Company*, 193 Pa. Superior Ct. 138, 164 A.2d 48 (1960); *Heffron v. Prudential Insurance Co.*, 137 Pa. Superior Ct. 69, 8 A.2d 491 (1939), all concerning death certificates; and Judge Burton R. Laub's opinion concerning coroner's reports in *Meyers v. Metropolitan Insurance Company*, 36 D. & C. 2d 479 (Erie, 1964). These authorities are all to the effect that expressions of the opinions of preparers of official certificates concerning the agency of death, whether by accident or suicide, are not admissible in evidence in the trial of suits on insurance policies where this is an issue.

Order affirmed.

ORDER

AND Now, this 5th day of March, 1982 the order of the Court of Common Pleas of York County dated March 26, 1981 is affirmed.